UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA, | 3:23-CR-30027-RAL |
|---|---|
| Plaintiff, | |
| vs. | OPINION AND ORDER DENYING MOTION FOR REDUCTION IN SENTENCE |
| SYLVAN LARRABEE, | |
| Defendant. | |

On June 12, 2023, this Court sentenced Defendant Sylvan Larrabee to 17 months of imprisonment for failure to register as a sex offender followed by five years of supervised release. Doc. 26. At the time of the sentencing, Larrabee was in Criminal History Category IV with a guideline range of 21 to 27 months. The retroactive change to § 4A1.1(e) of the United States Sentencing Commission's Guidelines Manual has the effect of placing Larrabee in Criminal History Category III, where his guideline range would have been 15 to 21 months.

Larrabee filed a Motion for Reduction in Sentence, Doc. 27, proposing a reduction to a 15-month sentence, at the bottom end of the amended guideline range. The United States does not contest Larrabee's eligibility to be considered for a sentence reduction nor the proposed reduction in Larrabee's sentence, Doc. 29, but this Court exercises its independent judgment on whether to grant a sentence reduction and the extent of any such reduction.

In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline amendment, emphasizing that

U.S.S.G. § 1B1.10 is binding. The Supreme Court required any "reduction [to] be consistent with applicable policy statements issued by the Sentencing Commission" and directed district courts to follow a two-step approach. Id. at 821. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended guidelines range. Id. At step two, § 3582(c)(2) instructs courts to consider applicable 18 U.S.C. § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. Id. at 827. The Supreme Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

Id. at 821 (quoting U.S.S.G. S 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in § 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points.

On August 24, 2023, the Commission decided that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

2

Applying the amended U.S.S.G. § 4A1.1(e), Larrabee gets no status points instead of 2, and has a total of 6 criminal history points. That places him in Criminal History Category III and reduces the advisory Guideline range to 15 to 21 months. See U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Turning to step two, § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.10, cmt. n.1(B)(i). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). Under the "Background" to U.S.S.G. § 1B1.10, "[t]he authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right." In the context of First Step Act reductions, the Eighth Circuit has ruled that "[o]nce a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence." United States v. Burnell, 2 F.4th 790, 792 (8th Cir. 2021) (citing United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020)); see United States v. Young, 555 F.3d 611, 614 (7th Cir. 2009).

Subject to the limits set forth in § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. Dillion, 560 U.S. at 821–22. Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, mandates the sentencing judge to consider:

>  (1) the nature and circumstances of the offense and the history and characteristics
>  of the defendant;

3

>    (2) the need for the sentence imposed—
>        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>        (B) to afford adequate deterrence to criminal conduct;
>        (C) to protect the public from further crimes of the defendant; and
>        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>    (3) the kinds of sentences available;

18 U.S.C. § 3553(a).

The nature and circumstances of Larrabee's offense were typical of a failure to register as a sex offender. Larrabee had committed an offense in 2015, when he was in his early to mid-twenties, of sexual contact with a fourteen-year-old girl who subsequently killed herself. Larrabee had to register as a sex offender but had failed to do so in 2021, leading to a failure to register as a sex offender conviction where he received a 15-month sentence in this Court. After a revocation of supervision, Larrabee got out of custody on supervised release on December 6, 2022. Although he had met with his probation officer shortly before his release and received instructions on reporting to his probation officer and the need to update his registration, Larrabee did neither. His whereabouts were unknown until his arrest at a motel on January 3, 2023.

The history and characteristics of Larrabee, in addition to the old sex offense and the prior failure to register conviction, reveal that he endured a difficult upbringing. His mother died when he was young, he had no relationship with his father, and he has struggled in life. He has been a user of alcohol and marijuana, with some mental health concerns. Nothing in his personal history and characteristics militated for any particularly light sentence.

The remaining factors of seriousness of the offense, promotion of respect for the law, just punishment, adequate deterrence, and protection of the public justify no reduction from the prior sentence. Indeed, this Court specifically designed the 17-month sentence it imposed to be slightly more than his prior 15-month sentence for failing to register; increasing the sentence for a second

4

failure to register by two months aimed to achieve punishment and deterrence. The 17-month sentence was below the guideline range at the time of 21 to 27 months, but with the reduced guidelines of 15 to 21 months is now toward the bottom of that guideline range.

This Court has and will continue to grant motions for sentence reductions consistent with the retroactive application of the recent guideline changes, but not here, where doing so would result in no increase in the sentence from the first to the second failure to register as sex offender conviction. Therefore, it is

ORDERED that Sylvan Larrabee's Motion for Reduction in Sentence, Doc. 27, is denied.

DATED this 4th day of March, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE